LETTS, Judge,
specially concurring.
The question presented is whether the trial judge erred in permitting extrinsic evidence to explain a stipulated final judgment. As the appellant sees it, the stipulated final judgment is clear, unambiguous, and therefore not susceptible to oral explanation.
This controversy involves a condemnation suit in which the state originally placed $171,000 in the registry of the court as its estimate for the value of the land taken. Thereafter a stipulated final judgment was entered into, which provided that $277,000 would be deposited into the registry of the court “in full and final settlement of all claims for damages....” This language employed, made no mention of the $171,000 already paid in for the estimated value of the land. The state argues that it was intended that the $277,000 include the $171,000 and that the language of the stipulation is ambiguous. The property owner argues that the language is not ambiguous for three reasons:
1. The wording used calls for $277,000 to be deposited in the future which translates as $277,000 more.
2. The statement “in full and final settlement of all claims for damages....” refers to severance damages only and does not include the land value.
3. The final paragraph of the judgment speaks to the original $171,000 pursuant to the order of taking as being “approved ratified and confirmed.”
All three of these arguments are compelling and I have vacillated back and forth on whether to vote for affirmance or reversal. In the end result, my version of common sense,[1] faulty though the appellant may find it, tells me that the language employed was not clear. Indeed, I was of the opinion that the $277,000 “in full and final settlement of all claims” was erroneous and the figure should have read $448,000 (i.e. $277,-000 plus $171,000). That misapprehension of mine had to be corrected by the appellant’s explanation in its reason numbered 2 above. No matter the explanation, the stipulation to me was obviously not without ambiguity, since I myself was confused by it. That being so, I can neither reverse the trial judge nor fault my colleagues for a conclusion which parallels my own.

. The preeminent legal philosopher and judge, Ruggero J. Aldisert, labels this a "judicial hunch” and quotes the following excerpt from Paradoxes of Legal Science by B. Cardozo:
I have gone through periods of uncertainty so great, that I have sometimes said to myself, “I shall never be able to vote in this case either one way or the other." Then, suddenly the fog has lifted. I have reached a stage of mental peace. I know in a vague way that there is doubt whether my conclusion is right. I must needs admit the doubt in view of the travail that I suffered before landing at the haven. I cannot quarrel with anyone who refuses to go along with me; and yet, for me, however it may be for others, the judgment reached with so much pain has become the only possible conclusion, the antecedent doubts merged, and finally extinguished, in the calmness of conviction.
R. Aldisert, The Judicial Process 814 (1976).